# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-2167

WILLIAM R. HROBOWSKI,

*Plaintiff-Appellant*,

*v.*

WORTHINGTON STEEL COMPANY
and WORTHINGTON INDUSTRIES, INC.,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 00 C 43—**Rudy Lozano**, *Judge.*

———————

ARGUED DECEMBER 2, 2003—DECIDED FEBRUARY 17, 2004

———————

Before RIPPLE, MANION, and DIANE P. WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* William Hrobowski sued his employers, Worthington Steel Company and Worthington Industries, Incorporated (collectively, "Worthington"), asserting various claims of employment discrimination. He appeals only from the entry of summary judgment in Worthington's favor as to his claim of a hostile environment in violation of Title VII and 42 U.S.C. § 1981. We affirm.

## I.

Worthington has employed Hrobowski, a black man, since 1976. Since January 30, 1997, Hrobowski has been Worthington's director of safety and health, although he has been on medical leave since April 2, 1999. According to the district court, Hrobowski put forth the following evidence to support his claim of a hostile environment: "(1) Maintenance department employees used racial epithets [especially the word 'nigger'] frequently; (2) a co-employee made an inappropriate comment about property values decreasing when blacks move in; and (3) co-supervisors would tell [Hrobowski] that he needed to 'talk some nigger to nigger' with an employee." The district court concluded that, because the alleged harassment was not severe and pervasive, because none of the alleged harassers was a supervisor of Hrobowski, and because Hrobowski pointed to no evidence that Worthington was negligent in dealing with the racial harassment of Hrobowski, Worthington was entitled to summary judgment.

## II.

We review the district court's grant of summary judgment de novo, construing all facts in favor of Hrobowski, the nonmoving party. *Rogers v. City of Chicago*, 320 F.3d 748, 752 (7th Cir. 2003). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In short, summary judgment is warranted where "a rational trier of fact could not find for the non-moving party." *Rogers*, 320 F.3d at 752.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a) (2000). Title VII forbids certain employers "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of" his race. 42 U.S.C. § 2000e-2(a)(1). There is no dispute that Worthington is an employer subject to both laws. Hrobowski may establish a violation of either statute by proving that Worthington subjected him to a hostile work environment. *EEOC v. Pipefitters Ass'n Local 597*, 334 F.3d 656, 658 (7th Cir. 2003). To do so, Hrobowski must show that (1) he was subject to unwelcome harassment; (2) the harassment was based on his race; (3) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive working environment that seriously affected his psychological well-being; and (4) there is a basis for employer liability. *Parkins v. Civil Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998).

The first question is whether a reasonable jury could find that the allegedly harassing speech was unwelcome, a question that the district court resolved in Hrobowski's favor. Whether words or conduct were unwelcome presents a difficult question of proof turning largely on credibility determinations committed to the factfinder. *Reed v. Shepard*, 939 F.2d 484, 491 (7th Cir. 1991). Worthington argues that any of the allegedly hostile words that Hrobowski encountered actually were welcome because, as Hrobowski admit-

ted, he too made racially oriented jokes and used words such as "spic" and "nigger" in the workplace. It is true that Worthington may not be held liable for a hostile environment that Hrobowski himself instigated. *See id.* In *Reed*, for example, we held that a directed verdict was appropriate against the hostile environment claim of a female jail employee whose "preferred method of dealing with co-workers was with sexually explicit jokes, suggestions, and offers." *Id.*

This case, however, is distinguishable from *Reed.* Reed admitted that she had never complained about the allegedly harassing conduct. *Id.* at 487. All of the evidence in the record, therefore, pointed to the conclusion that she welcomed the conduct on which she based her suit. Hrobowski, by contrast, points to competent evidence that he did object to the type of racist language to which he was subjected. In his deposition testimony, Hrobowski points out that he complained to managers Mark Stier and Pat Murley about racial language and jokes in the workplace. Although it is unclear when Hrobowski made these protests or exactly what he said to Stier and Murley (more about that later), a reasonable jury could conclude from this evidence that Hrobowski did not welcome racist speech, at least when he was the victim of that language. Thus, in this case, that the plaintiff himself used racist language does not lead inexorably to the conclusion that he welcomed the racial insensitivity of others. We therefore agree with the district court that a reasonable jury could find that the words on which Hrobowski predicates his claim for a hostile environment were unwelcome.

As to whether the harassment was based on race, there is no dispute. We therefore turn to the third prong of inquiry, asking whether a reasonable jury could find that the harassment unreasonably interfered with Hrobowski's

work performance by creating an intimidating, hostile, or offensive working environment that seriously affected his psychological well-being. *Parkins*, 163 F.3d at 1032. Another method of framing this issue, as we have done in some of our opinions, is to ask whether the harassing words or conduct were "severe *or* pervasive," although the substance of the inquiry is the same either way. *See, e.g., Quantock v. Shared Marketing Servs., Inc.*, 312 F.3d 899, 903-04 (7th Cir. 2002) (emphasis on the disjunctive added). The district court held that Hrobowski did not satisfy the third element of a hostile environment claim, but it based its analysis on the erroneous premise that the harassing words or conduct had to be both severe *and* pervasive. Not so: "one or the other will do." *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 808 (7th Cir. 2000). For Hrobowski to prove that he was exposed to a severe or pervasive hostile environment, he must prove that the words or actions to which he was subjected were both objectively and subjectively hostile. *Robinson v. Sappington*, 351 F.3d 317, 329 (7th Cir. 2003).

Considering the evidence that the district court delineated, and that we quoted above,[1] we conclude that a reasonable jury could find that the work environment was objectively hostile. According to Hrobowski's deposition testimony, on which he relied in opposition to Worthington's motion for summary judgment, he was repeatedly subjected to hearing the word "nigger," including more than one occasion in which a fellow supervisor suggested that he talk to an employee "nigger to nigger."

---

[1] Hrobowski argues that he presented more evidence than the district court acknowledged. We need not decide the issue because, assuming that the evidence were limited to what the district court outlined, Hrobowski still would have created an issue of fact as to whether the harassment was severe or pervasive.

Given American history, we recognize that the word "nigger" can have a highly disturbing impact on the listener. *Cf. Virginia v. Black*, 123 S. Ct. 1536, 1545 (2003) (noting that the Ku Klux Klan vowed to "keep niggers out of your town" as part of its campaign of racial violence and intimidation). Thus, a plaintiff's repeated[2] subjection to hearing that word could lead a reasonable factfinder to conclude that a working environment was objectively hostile. *See, e.g., Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993); *see also Bailey v. Binyon*, 583 F. Supp. 923, 927 (N.D. Ill. 1984) (stating that "use of the word 'nigger' automatically separates the person addressed from every non-black person").

As to the subjective component of our inquiry, all that Hrobowski has to establish is that he perceived the environment to be hostile or abusive. *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 695 (7th Cir. 2001). As discussed above, a reasonable jury could find that the words that Hrobowski heard were unwelcome, and therefore there is an issue of material fact regarding subjective hostility.

All this said, we still must examine the the final element of a hostile environment claim to determine whether there is a basis for attributing liability to Worthington. The standard for employer liability hinges on whether the harasser was the plaintiff's supervisor. *Parkins*, 163 F.3d at 1032. Harassment by a supervisor of the plaintiff triggers strict liability, subject to the possibility of an affirmative defense where the plaintiff suffered no tangible employ-

---

[2] Competent evidence suggests that the word "nigger" was used frequently, and not just on one or two occasions. We therefore are not faced with the question of whether infrequent use of that word would allow a reasonable jury to find an objectively hostile environment.

ment action. *Id.* Conversely, the employer may be found liable for a hostile work environment created by an employee who was not the plaintiff's supervisor only where the plaintiff proves that the employer has "been negligent either in discovering or remedying the harassment." *Id.* As mentioned above, the district court concluded that there was not competent evidence that any of Hrobowski's supervisors committed harassment, and that Hrobowski pointed to no evidence that Worthington was negligent in discovering or remedying any harassment generated by employees who were not his supervisors. We examine each of these conclusions.

We first consider the issue of supervisory harassment. For there to be an issue of material fact as to whether a supervisor harassed Hrobowski, it is not enough that he point to evidence that just anybody with managerial authority was racially abusive; instead, Hrobowski must show that the harasser was *his* supervisor. *Id.* A supervisor is someone with the power to affect the terms and conditions of the plaintiff's employment. *Id.* at 1034. In his opening brief, Hrobowski devotes substantial effort to proving that "managerial employees at Worthington directed offensive comments to him." But he never points to evidence that a particular person with the power to influence the terms and conditions of *his* employment made such remarks. We therefore agree with the district court that there is no issue of material fact as to whether one of Hrobowski's supervisors contributed to the hostile environment of which he complains.

Whether Hrobowski was entitled to reach a jury depends, therefore, on whether he pointed the district court to competent evidence that Worthington was negligent in discovering or rectifying the racial harassment any other employee or employees directed at him. Worthington "will

not be liable for the hostile environment absent proof that it failed to take appropriate remedial measures *once apprised of the harassment.*" *Hostetler*, 218 F.3d at 809 (emphasis added). Generally, the law does not consider an employer to be apprised of the harassment "unless the employee makes a concerted effort to inform the employer that a problem exists." *Silk v. City of Chicago*, 194 F.3d 788, 807 (7th Cir. 1999) (internal quotation omitted). However, an employer could be charged with constructive notice where the harassment was sufficiently obvious. *Mason v. Southern Ill. Univ.*, 233 F.3d 1036, 1046 (7th Cir. 2000).

The district court found that Hrobowski "failed to direct [the district court's] attention to any facts which would show that Defendants were negligent in discovering or addressing racial harassment in the workplace" and that Hrobowski had made "almost most no application of the law to the facts" concerning whether Worthington was negligent in discovering or remedying racial harassment. If true, this would be a dispositive determination: evidence not designated to the district court in resisting summary judgment cannot be properly argued on appeal. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898-99 (7th Cir. 2003).

In his opening brief, Hrobowski devotes slightly more than one page of his argument section to the critical issue of Worthington's knowledge of the harassment. In that part of his brief, he cites to no evidence in the record showing either that Worthington had such knowledge or that he so argued before the district court. Thus Hrobowski has not met the standard of Fed. R. App. P. 28(a)(9)(A), which requires arguments in the appellant's brief to include "citations to the authorities and parts of the record on which the appellant relies." *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). In his reply brief, Hrobowski develops

the argument for Worthington's knowledge with some citations to the record, but that comes too late. *Rogers*, 320 F.3d at 753 n.2.

Even if Hrobowski had briefed this matter properly, however, he still would lose. In the section of his brief outlining the facts, Hrobowski states that the facts on which he relies on appeal "were designated by Hrobowski to the court below in opposition to summary judgment," and he then cites to pages four through eight of his brief in response to Worthington's motion for summary judgment. An examination of those pages reveals that, in opposing the motion for summary judgment, Hrobowski claimed to have notified Worthington of racial harassment on two occasions. First, he claims to have "reported the frequent use of racial remarks to Mark Stier, a manager." Second, he claims to have "reported the frequent use of racial remarks to Pat Murley, Plant Manager." Hrobowski did not tell the district court when he made these protests. (Were they before or after the environment at Worthington turned hostile?) Moreover, he did not tell the district court the substance of his reports. (Did Hrobowski complain in language that would have put Worthington on notice that there was a problem requiring a remedy?) We therefore agree with the district court's conclusion that Hrobowski "failed to direct [the district court's] attention to any facts which would show that Defendants were negligent in discovering or addressing racial harassment in the workplace."

Furthermore, our examination of Hrobowski's deposition transcript suggests that there were no such facts. As to Murley, Hrobowski claimed to have "talked to Pat Murley about them [offensive remarks] a couple of times and he said I brought it on myself." It is entirely unclear what Hroboswki said to Murley and when. Hrobowski's deposition transcript is slightly more informative when it comes

to Stier. Regarding Stier, Hrobowski testified that, in January 1997, he and Stier "talked about the language used, the racial jokes, and how they were an everyday occurrence." Nothing in this transcript (which, in any event, it was the responsibility of Hrobowski, and not the district court, to parse) would allow a reasonable jury to conclude that Worthington was on notice that a hostile environment existed in its workplace. Therefore, even if Hrobowski had applied law to these facts before the district court, he still would not have been able to establish an issue of material fact as to Worthington's negligence.

## III.

Although Hrobowski put forth competent evidence regarding the first three elements of his claim of a hostile environment, he failed to establish that there was an issue of material fact as to the fourth element, a basis upon which to hold the employer liable. We therefore affirm entry of summary judgment in Worthington's favor.

RIPPLE, *Circuit Judge*, concurring. I join the judgment and the opinion of the court and write separately only to elaborate my views on the application of Federal Rule of Appellate Procedure 28 to the element of employer liability. Given our preference for a merits disposition whenever possible, I normally would prefer a less aggressive use of Federal Rule of Appellate Procedure 28 than the one employed by the court's opinion. In his opening brief to this court, Mr. Hrobowski set out in his "STATEMENT OF THE

FACTS" an extensive elaboration of the facts he deemed relevant and supported those facts with citations to the record. Under our rules, however, that is only a first step. A party must go on to provide a reasoned, if short, application of those facts to each element of his claim. *See* Fed. R. App. P. 28(a)(9)(A) (requiring the "argument" in the appellant's opening brief to include "the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").[1] When this minimal threshold is satisfied, there is little difficulty relying on additional facts set forth in the brief's factual rendition and referenced to the record.

On the element of employer liability, Mr. Hrobowski's argument in his brief to the district court merely notes, in the most conclusory terms and without any record citations, that Mr. Hrobowski was subject to harassing comments by his supervisors and by coemployees in the presence of his supervisors. Despite the district court's admonitions regarding this failure, the portion of Mr. Hrobowski's argument addressing employer liability in his opening brief to this court is only slightly more developed. Given this repeated ignoring of the rules, I cannot fault my colleagues for determining that Mr. Hrobowski's non-compliance with Federal Rule of Appellate Procedure 28(a)(9)(A) is fatal to his case.

Mr. Hrobowski's strongest argument on the employer liability element rests on the theory of constructive notice.

---

[1] *See also Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999) (noting that "unsupported or cursory arguments" not in compliance with Federal Rule of Appellate Procedure 28(a)(9)(A) will not be considered); *Rogers v. City of Chicago*, 320 F.3d 748, 753 n.2 (7th Cir. 2003) (noting that arguments not properly raised until the reply brief will not be considered).

*See Mason v. S. Illinois Univ. at Carbondale*, 233 F.3d 1036, 1046 n.8 (7th Cir. 2000) ("[T]he pervasiveness of coworker conduct could show the employer's constructive notice of the harassment." (emphasis removed)). However, Mr. Hrobowski did not so much as mention constructive notice to the district court, and his "argument" on constructive notice in his opening brief to this court was nothing more than another conclusory allegation. *See* Appellant's Br. at 14 ("There is no doubt Worthington was, at least, on constructive notice of the hostile environment."). Accordingly, it is proper for the court not to consider this basis for liability. *See Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 559 n.4 (7th Cir. 2003) ("[F]ailure to present [an] argument to the district court waives it on appeal."); *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 n.6 (7th Cir. 2002) ("Perfunctory and undeveloped arguments are waived, especially when, as here, 'a party fails to develop the factual basis of a claim on appeal and, instead, merely draws and relies upon bare conclusions.'" (quoting *Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000))). Mr. Hrobowski's failure to make an argument on this point in anything other than the most conclusory terms is fatal to his case. Therefore, I agree that we must affirm the judgment of the district court for lack of a basis for employer liability.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*