# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-2712

JUDITH A. KRIESCHER,

*Plaintiff-Appellant,*

v.

FOX HILLS GOLF RESORT AND CONFERENCE
CENTER, FHR, INC. and FOX HILLS GOLF
VILLAS ASSOCIATION, INC.,

*Respondents-Appellees.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01-C-1156—**William C. Griesbach**, *Judge.*

———————

ARGUED APRIL 15, 2004—DECIDED OCTOBER 6, 2004

———————

Before FLAUM, *Chief Judge*, and MANION, and ROVNER,
*Circuit Judges*.

ROVNER, *Circuit Judge*. Judith Kriescher worked for the
Fox Hills Golf Resort from 1981 until 1994 and then again
from 1996 until she was fired in 1999. After she was fired
Kriescher sued the resort under Tile VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000e, et seq., alleging age and sex
discrimination in the forms of a hostile work environment
and discriminatory discharge. The district court determined
that Kriescher's hostile environment claim could not survive

summary judgment because she offered no evidence that her workplace was permeated with discrimination, intimidation, or ridicule on the basis of her age or sex. The district court also granted summary judgment to the defendants on Kriescher's disparate treatment claim because she had not offered any evidence that she was treated differently than similarly-situated employees.

Before her termination Kriescher was a "front desk manager" at the Fox Hills Golf Resort. She acquired this position in 1998, around the same time that the resort owners hired a new general manager—Bob Dove. According to Kriescher, under Dove's leadership her workplace became a sexually permissive environment that was permeated with misconduct and rule violations. Kriescher focuses on two incidents in particular. First, in May 1998 the resort hosted a golf event for an adult entertainment club called the "Bean Snappers." Around 3:00 in the morning, a Fox Hills security officer found several Bean Snappers strippers in the pool and spa area naked. According to Kriescher, who was not there, Tony Reese, the "executive rooms division manager," was with them. Kriescher contends that Reese should have been disciplined for this incident but that he was not. The second incident occurred in November 1999. A security guard was walking past the office of Jeff Peters, the "food and beverage manager," after hours when he heard noises coming from inside the office. The guard knocked and received no answer, but when he opened the door he found Peters in the dark with a resort bartender. The guard told them that it was time for everyone to leave, and as the bartender left the guard noticed that her lipstick was smeared. Kriescher was not on the premises for this incident either, but the security guard called her at home to report it to her.

When Dove learned of the incident in Peters's office, he ordered Kelly Sullivan, his "security manager," to investigate. Sullivan ultimately concluded that although there was an appearance of impropriety, there was no direct evidence

of a sexual encounter. During her investigation, Sullivan also learned that after the Peters incident Kriescher had asked several security guards to keep an eye on Peters and report any further misconduct directly to her. When Dove learned about Kriescher's directions to the security guards, he fired her, saying that she had no authority to direct security personnel to gather information about other managers. Dove also said that Kriescher had failed to maintain confidentiality by spreading rumors around the resort about Peters and the bartender.

After her termination Kriescher sued the resort, claiming that before her termination she was subjected to a hostile work environment and also that her termination was the result of age and sex discrimination. Specifically, she contended that her workplace was a hostile environment for female and older employees because of the sexually permissive atmosphere and the managers' tolerance of rule violations by other employees. The district court granted summary judgment for the defendants on Kriescher's hostile environment claim, concluding that although Kriescher offered proof of a sexually permissive atmosphere in her workplace, she offered no proof that a reasonable person would find the environment permeated with hostility towards women or older employees. The district court said that Kriescher had not offered any acts or remarks directed at her or anyone else that demonstrated hostility to women or older employees. For her discriminatory discharge claim, Kriescher challenged Dove's reasons for firing her and argued that other resort employees should have also been fired for rule violations. The district court granted summary judgment to the defendants on this claim because Kriescher had not identified any similarly-situated employees who engaged in comparable misconduct and were disciplined less harshly.

On appeal Kriescher reasserts that she was subjected to a hostile work environment. To survive summary judgment Kriescher must have shown that she was subjected to un-

welcome harassment on the basis of her age or sex, the harassment was so severe or pervasive as to alter the conditions of her work environment, and there is some basis for employer liability. *See Williams v. Waste Mgmt. of Illinois*, 361 F.3d 1021, 1029 (7th Cir. 2004). The relevant conduct must have been sufficiently severe that the plaintiff subjectively found it hostile and a reasonable person would also find it to be hostile. *See Hostetler v. Quality Dining, Inc.,* 218 F.3d 798, 807 (7th Cir. 2000). On appeal, Kriescher has not identified any error in the district court's determination that she failed to present evidence that a reasonable person would find her workplace to be hostile to female or older employees. Kriescher offers no evidence that she was exposed to any of the incidents that she recounts, and she does not explain how their occurrence influenced the way she was treated in the workplace. Beyond her knowledge that the incidents occurred, Kriescher offers no evidence or explanation of how they objectively altered her work environment in any way. She has not said that she endured instances of unwanted physical contact or that other employees or supervisors directed disparaging comments at her or at other women or older employees, *see, e.g.*, *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 476-77 (7th Cir. 2004). She offered no evidence that she was denied any privileges or benefits because she refused any sexual advances. And she offered no evidence that the resort's sexually charged atmosphere was uniquely hostile for women and older employees. We agree with the district court that Kriescher presented insufficient evidence of an objectively hostile environment to survive summary judgment on this claim.

Kriescher also reasserts on appeal that she was fired on the basis of her age and sex. She argues primarily that Dove's stated reasons for firing her were pretextual. She claims that she has always received security reports at the resort and she did not exceed her authority in ordering the security guards to gather security information. She also

says that she never disclosed confidential information from security reports and she never spread rumors around the resort about Peters and the bartender. But in order to litigate a claim for discriminatory discharge Kriescher must do more than attack her employer's reasons for the discharge. The district court assumed, and Kriescher does not disagree, that she was proceeding under the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and under that method of proof Kriescher must first establish a prima facie case of discrimination, *see Peele v. Country Mut. Ins.* Co., 288 F.3d 319, 327 (7th Cir. 2002), which includes showing that similarly-situated employees who were outside of her protected class were treated more favorably, *see Little v. Illinois Dept. of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004); *Curry v. Menard, Inc.*, 270 F.3d 473, 478 (7th Cir. 2001). In disciplinary cases, the plaintiff must show that she is similarly situated to other employees with respect to performance, qualifications, conduct, and also that she and the other employees dealt with the same supervisor. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2001). The district court thought that Kriescher had failed to identify any such employees, and on appeal she barely even discusses the prima facie case, choosing instead to focus on pretext. Kriescher asserted that Reese and Peters violated resort rules, but she has offered no evidence that her duties were the same as theirs or that their alleged rule violations were comparable to her conduct of telling the security guards to gather information about other managers. Identifying similarly situated employees is an essential piece of the prima facie case, and without this evidence Kriescher's claim must fail.

We thus AFFIRM the judgment of the district court.

**A true Copy:**

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*