UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1769

| | |
|---|---|
| CHARLENE FEASTER,<br>    *Plaintiff-Appellant*,<br><br>      *v.*<br><br>GREYHOUND LINES, INC.,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 C 805<br><br>Joan B. Gottschall,<br>*Judge*. |

**O R D E R**

Charlene Feaster was employed by Greyhound Lines, Inc. ("Greyhound") in Chicago from 1992 until she was fired in May 2001. Feaster claims that her termination and other events preceding her discharge violated Title VII, 42 U.S.C. § 2000e, *et seq.*, and that she was denied equal pay as guaranteed by the Equal Pay Act ("EPA"), 29 U.S.C. § 201 *et seq.* The district court granted summary judgment for Greyhound, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In her brief to this court Feaster makes only conclusory assertions that the district court erred by granting summary judgment on her Title VII and EPA claims. She fails to cite to the record and although she provides a list of cases, she doesn't explain how they support her claims. This violates Federal Rule of Appellate Procedure 28(a)(9), which requires that briefs—even pro se briefs—contain a reasoned argument consisting of more than a generalized assertion of error and include citations to the record and an explanation of supporting authority. *See Hrobowski v. Worthington Steel Co.,* 358 F.3d 473, 478 (7th Cir. 2004); *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). It is not until Feater's reply brief that she developed her appeal, but this is too late. *See Hrobowski*, 358 F.3d at 478. However, even treating her appeal as properly presented, we must affirm.

We review the grant of summary judgment *de novo,* viewing all facts in the light most favorable to Feaster. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Beginning in July 2000 Feaster was a Driver Supervisor along with two other Driver Supervisors—Vernon Robinson and Larry Russell—under John King. As a Driver Supervisor Feaster performed a number of management duties including posting "hold-downs," a duty King assigned her. Posting hold-downs consists of writing up each driver's requests for vacation or sick leave and posting available shifts for other drivers to bid on. After Feaster posted the hold-downs, Robinson and Russell reviewed them and filled the available shifts.

Beginning in December 2000, Feaster complained to King and other Greyhound managers that posting hold-downs was burdensome and discriminatory because Robinson and Russell—two males—didn't have to do it. Soon after, District Manager Brian Balogh and King met twice with Feaster to discuss, among other things, her poor performance, attitude, and workload. In February 2001 Feaster received her annual performance review; King rated her a 3.1375 out of 5, noting Feaster missed deadlines, made errors, and failed to acknowledge mistakes. Feaster received virtually the same rating as Russell (3.1375 versus 3.1 for Russell), the same pay raise (3.0% for both), and nearly the same final salary ($36,122 versus $35,468 for Russell). Robinson received a much higher performance score (3.585) and consequently a higher raise (4.1%) and salary ($36,195). On May 1, 2001, King again met with Feaster regarding her performance and warned her that unless her behavior changed immediately, he might fire her. Two weeks later he did. King fired Russell too in June 2001.

Feaster contends that her discharge, workload, reprimands, poor performance review, and small pay increase were the result of sex discrimination and retaliation. But to survive summary judgment Feaster must provide material evidence of discrimination or retaliation under the direct or indirect methods of proof. *See Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 646 (7th Cir. 2005) (sex

discrimination); *Racicot v. Wal-Mart Stores, Inc.,* 414 F.3d 675, 678 (7th Cir. 2005) (retaliation).  She has not done so.

The direct method requires either an admission of prohibited animus or statements or conduct from the decisionmaker (in this case, King) from which forbidden hostility may be inferred.  *See Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 616 (7th Cir. 2000).  Feaster has no such evidence.  She claims only that Sheila Talley at the Human Resources Department told her that women just have to work harder than men.  However, for all the adverse actions she complains about, Talley "was not the decisionmaker in question, [so her] statement will not suffice as direct evidence of discrimination on [Greyhound's] account." *Cardoso,* 427 F.3d at 433; *see Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 613-14 (7th Cir. 2005). Feaster also argues that the timing between her complaint to King in December 2000 and the claimed adverse actions in 2001 is direct evidence of retaliation.  But "mere temporal proximity" between making a complaint and the alleged retaliative action "will rarely be sufficient in and of itself to create a triable issue." *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002); *see Culver v. Gorman & Co.,* 416 F.3d 540, 546 (7th Cir. 2005).  Feaster offers no reason to depart from this general rule here.

Feaster cannot make out a prima facie case for sex discrimination or retaliation under the indirect method either because she has no evidence that a similarly situated male was treated more favorably.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)*; Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1011 (7th Cir. 2004).  The only comparable male is Russell because he is the only one who had a similar job and received a similar performance review.  But he was paid a virtually identical raise and salary, and was also fired at about the same time, so he was not treated more favorably.  Feaster argues that she had a heavier workload than Russell because she had to post hold-downs and he didn't.  But Russel had to review them and fill them so there is no material difference between their workloads.  Her unexplained assertion that the difference was material is conclusory and therefore insufficient to defeat a motion for summary judgment. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003); *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 843 (7th Cir. 1996); *see also Jones v. Barnhart*, 349 F.3d 1260, 1270-71 (10th Cir. 2003) (unsubstantiated claims that plaintiff's case files seemed thicker than her colleagues' files did not rise to the level of an adverse employment action).

Because she was not treated less favorably than a similarly situated male, Feaster's claim under the EPA also fails.  *See Markel v. Bd. of Regents of the Univ. of Wis. Sys.*, 276 F.3d 906, 912-13 (7th Cir. 2002).

The judgment of the district court is therefore AFFIRMED.