**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EFRAIN REYNAGA,

        Plaintiff-Appellant,

v.

ROSEBURG FOREST PRODUCTS, an
Oregon corporation,

        Defendant-Appellee.

No.    18-35655

D.C. No. 6:11-cv-06282-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted October 25, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

Efrain Reynaga appeals the District Court's judgment in his employment

discrimination action against Roseburg Forest Products. Directed verdict was

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

proper as to Reynaga's disparate treatment locker search claim, and none of the challenged procedural or evidentiary decisions were an abuse of discretion.

A directed verdict is proper "'when the evidence permits only one reasonable conclusion as to the verdict.'" *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1537 (9th Cir. 1993) (quoting *McGonigle v. Combs*, 968 F.2d 810, 816 (9th Cir. 1992)). No substantial evidence supported Reynaga's contention that he experienced disparate treatment. Witnesses agreed that management executed the locker search consistently and only opened an employee's locker if the dogs "alerted" in front of it. No witness could confirm that management declined to search any white employee's locker after the dogs in fact alerted—a showing upon which Reynaga's disparate treatment claim depends. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Reynaga's supplemental excerpts of record do not change this analysis. The only reasonable conclusion was that Roseburg treated Reynaga the same as other employees.

The District Court's sequestration order, which prohibited only the discussion of ongoing testimony during breaks, did not prejudice Reynaga. *Cf. Perry v. Leeke*, 488 U.S. 272, 281–85 (1989).

2

We review evidentiary rulings for an abuse of discretion. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). There was no such abuse here. The District Court did not err in excluding evidence pertaining to the locker search, as it could not have given rise to any relevant inference. Nor did it err by excluding evidence regarding Reynaga's job assignments. That theory was not included in the pretrial order. *See U.S. v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981). There was no error in the admission of Reynaga's own racially derogatory statements. *See, e.g.*, *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 476 (7th Cir. 2004); *Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 966 (8th Cir. 1999). Statements by Reynaga's son and Mr. Hill regarding firearms and derogatory language at the mill were irrelevant because Reynaga failed to make an offer of proof that he was aware of the offered information.

**AFFIRMED.**