NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2021[*]
Decided October 7, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1351

| | |
|---|---|
| SHANNON WARREN-HIGGINS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-02083-RLY-MJD |
| INDIANA UNIVERSITY HEALTH, INC. and INDIANA UNIVERSITY HEALTH CARE ASSOCIATES, INC., doing business as IU HEALTH PHYSICIANS, *Defendants-Appellees*. | Richard L. Young, *Judge*. |

**O R D E R**

Shannon Warren-Higgins, who believes that her supervisor harassed her because of her diabetes, sued her employer under the Americans with Disabilities Act, 42 U.S.C. § 12112(a), for allowing a hostile work environment. The district court ruled that her employer was not liable for her supervisor's misconduct, which Warren-Higgins admits

---

[*] We granted the parties' joint motion to waive oral argument, and this appeal is therefore submitted on the briefs and the record. FED. R. APP. P. 34(f).

ceased after she complained about it to her employer. Because no reasonable factfinder could find a basis for employer liability, we affirm.

Warren-Higgins began working in 2016 at the patient call center for what is now Indiana University Health, Inc. During her first year of work, her diabetes led to unexcused absences and time away from her desk. After discussions with IU Health about these problems in October 2017, it accommodated her diabetes by allowing her time off for doctors' appointments and snack breaks to manage her blood-sugar levels.

Once IU Health granted these accommodations, her supervisor, Cierre Maxey, harassed her about her health until she formally complained to the human-resources department. According to Warren-Higgins, Maxey joked about her allergy to a diabetes medication, rummaged through her lunch, and mocked her food choices and work ethic to co-workers. Warren-Higgins asserts that Maxey made three disparaging remarks: Warren-Higgins "[is] not the first bitch with diabetes and she [is] not the last;" she should "lose some weight … [or] get gastric bypass," and she is "crazy" because "[s]he's got diabetes and can't come into work." Warren-Higgins spoke informally to Maxey's boss in October 2017, but she does not recall the details of that conversation. She formally complained in February 2018 to Human Resources, and among other things, she discussed Maxey's behavior. This complaint yielded a prompt response. Within a week of her formal complaint, Maxey's managers interviewed Maxey, Warren-Higgins, and co-workers about Maxey's behavior toward Warren-Higgins. According to Warren-Higgins, Maxey stopped all harassment against her after these interviews.

This lawsuit followed. As relevant to this appeal, Warren-Higgins alleged that IU Health ignored Maxey's creation of a hostile work environment. IU Health moved for summary judgment on this claim. The district court granted the motion after excluding as hearsay parts of the three disparaging comments. The court then ruled, citing *Silk v. City of Chicago*, 194 F.3d 788, 804 (7th Cir. 1999), that based on the remaining evidence no reasonable jury could find in favor of Warren-Higgins.

On appeal, Warren-Higgins argues that the district court made an evidentiary error about hearsay and a substantive error about what constitutes a hostile work environment. We review the court's evidentiary decision for an abuse of discretion, and its judgment de novo. *Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 955 (7th Cir. 2021). We may affirm on any ground supported by the record. *See Vargas v. DeJoy*, 980 F.3d 1184, 1190 n.6 (7th Cir. 2020).

We first address her contention that the district court wrongly excluded Warren-Higgins's testimony about Maxey's three remarks. If Warren-Higgins heard Maxey (an agent of a party opponent, *see* FED. R. EVID. 801(d)(2)(D)), make them, then the comments would be admissible to prove that Maxey said them, regardless of their truth. But Warren-Higgins failed to lay a foundation that she had "personal knowledge" of Maxey's utterances. *See* FED. R. EVID. 602. In her deposition, she was unable to distinguish which comments she heard from Maxey "on the floor" and which she heard secondhand from other coworkers. *See Mahran v. Advoc. Christ Med. Ctr.*, No. 19-2911, --- F. 4th ----, 2021 WL 3907888, at *6 (7th Cir. Sept. 1, 2021) (upholding exclusion of co-worker comments). Under these circumstances, the court could have admitted the comments only for the limited purpose of "showing their effect" on Warren-Higgins as the listener, not for their truth or identifying who originally said them. *See Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 923 (7th Cir. 2015).

But even if the court wrongly excluded the remarks, the ruling was harmless for the same reason that Warren-Higgins's substantive argument—that IU Health is liable for allowing a hostile work environment—does not warrant reversal: there is no basis for employer liability. Warren-Higgins contends that the district court should have asked whether Maxey's conduct was severe and pervasive, and found IU Health liable solely on that basis. We will assume that Maxey did create a hostile work environment for Warren-Higgins. *See Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 851 (7th Cir. 2019) (recognizing hostile work environment claims under the ADA). Even so, an employer is not liable for a supervisor's creation of a hostile work environment if the employer "exercised reasonable care to prevent and promptly correct any harassing behavior" once notified. *Vance v. Ball State Univ.*, 570 U.S. 421, 430 (2013). That occurred here. Warren-Higgins admits that she first formally complained about Maxey's disability-based harassment in February 2018. (She informally approached management earlier, but she cannot recall what she discussed, so that meeting is not evidence of notice to the employer. *See Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 479 (7th Cir. 2004).) Within a week of her complaint, managers interviewed Warren-Higgins, Maxey, and co-workers. She concedes that right after these meetings, Maxey's harassment stopped and did not recur. On these facts, no reasonable jury could find IU Health liable for failing to respond promptly to and correct Maxey's conduct. *See Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 904 (7th Cir. 2018).

AFFIRMED